UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAUNTE PETERSEN,

    Plaintiff,

v.                                                                        CASE NO. 3:24-cv-746-WWB-SJH

VICTORIA MARY BAIN,

    Defendant.
_____/

## ORDER

Plaintiff, proceeding *pro se*, brought a Petition against Defendant in state court ("Complaint"). Doc. 3. Defendant removed the action to this Court. Doc. 1. A motion to dismiss the Complaint was filed on July 30, 2024 ("Motion"), Doc. 7, which was referred to me for a report and recommendation. After an Order directing he do so, Doc. 10, Plaintiff responded to the Motion on October 3, 2024 ("Response"). Doc. 11. For the reasons herein, the Motion will be **taken under advisement** and Plaintiff shall have until November 5, 2024, to file an amended complaint.

    **I.**    **Background**

Plaintiff's Complaint seeks an award of lost wages against Defendant on the basis of an injunction Defendant obtained against Plaintiff in Duval County Court. *See* Doc. 3. Plaintiff alleges that the injunction, attached to the Complaint, prohibits him

Case 3:24-cv-00746-WWB-SJH Document 12 Filed 10/15/24 Page 2 of 11 PageID 83

from working. *Id.* After removing to this Court,[1] Defendant's Motion seeks to dismiss all claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule(s)") for lack of subjection matter jurisdiction, under Rule 12(b)(6) for failure to state a claim, and under Rule 12(b)(5) for insufficiency of service of process. *See* Motion at 1.

## II. Standard

Defendant's Rule 12(b)(1) attack on subject matter jurisdiction is facial.[2] So, in analyzing both it and Defendant's Rule 12(b)(6) attack for failure to state a claim, the same safeguards apply. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501

---

[1] Defendant removed pursuant to the federal officer removal statute, 28 U.S.C. § 1442. Plaintiff did not timely move to remand, thus waiving any procedural removal defects. The Court has an independent obligation to confirm subject matter jurisdiction, however. Section 1442 permits removal by a (i) federal officer; (ii) who has been sued for actions performed under color of federal office; (iii) who raises a colorable federal defense. *See Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1142 (11th Cir. 2017). Defendant is a federal officer. The causal connection element requires "that removable claims must be 'for or relating to any act' under color of federal office." *Id.* at 1144. This requirement imposes a "quite low" burden, and "[t]he phrase 'relating to' is broad and requires only 'a "connection" or "association" between the act in question and the federal office.'" *Id.* Here, there is some connection or association between Defendant's office and the injunction obtained by Defendant upon which Plaintiff has sued. *See* Doc. 1 at 2; Doc. 1-2; Doc. 7-1; Response at 1. Finally, as to the third requirement of removal, a "colorable federal 'defense need only be plausible; its ultimate validity is not to be determined at the time of removal.'" *Caver*, 845 F.3d at 1145. Here, Defendant has raised colorable defenses including sovereign immunity. *See City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1313 n.2 (11th Cir. 2003); *Ronald E. Sholes, P.A. v. Campbell*, No. 3:21-cv-494-MMH-PDB, 2022 WL 801117, at \*\*2-5 (M.D. Fla. Feb. 17, 2022), *report and recommendation adopted*, 2022 WL 797404 (M.D. Fla. Mar. 16, 2022).

[2] Motions under Rule 12(b)(1) can be facial or factual. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). A facial attack looks to the complaint and accepts its allegations as true. *See id.* In a factual attack, extrinsic evidence may be considered, and so long as the jurisdictional issues are not "inextricably intertwined with the merits," courts are free to weigh evidence. *Id.* at 1230, 1232.

F.3d 1244, 1251 (11th Cir. 2007). First, I limit consideration to the Complaint and exhibits thereto, except that I may also consider documents (i) under the incorporation-by-reference doctrine; or (ii) that are subject to judicial notice. *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024); *see also Sporea v. Regions Bank, N.A.*, No. 20-11812, 2021 WL 2935365, at *2 (11th Cir. July 13, 2021);[3] *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015); Fed. R. Evid. 201. I also accept "all factual allegations in the complaint as true," but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010). Although *pro se* pleadings like Plaintiff's are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015); *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

### III. Discussion

#### a. Lack of Subject Matter Jurisdiction

Defendant first argues there is no subject matter jurisdiction over any official-capacity claims. *See* Motion at 3-6. "[S]overeign immunity precludes official-capacity

---

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36–2.

claims against federal agents unless the plaintiff has 'a substantive right to relief and an explicit Congressional consent authorizing such relief.'" *Fuqua v. Turner*, 996 F.3d 1140, 1156-57 (11th Cir. 2021) (citation omitted); *see also Swank, Inc. v. Carnes*, 856 F.2d 1481, 1483 (11th Cir. 1988) ("As an action against a federal official in his official capacity, this action is viewed as a suit against the United States[,]" which "is immune from suit unless it consents to be sued."). Thus, absent such a waiver, official-capacity suits against United States Postal Service employees like Defendant are barred by sovereign immunity. *See Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 (11th Cir. 2010).[4]

Here, neither the Complaint nor the Response are clear as to whether Plaintiff has sued Defendant in an individual or official capacity. Nor is the nature and theory of the claim clear. Thus, though it appears jurisdiction may be lacking to the extent of any official-capacity claims, Plaintiff will be given an opportunity to file an amended pleading to clarify the nature and basis of any asserted claims and, if necessary and appropriate, address any waiver of sovereign immunity.[5]

---

[4] The Postal Reorganization Act does waive sovereign immunity of the Postal Service by giving it the power to sue and be sued in its official name; the statute also provides, however, that the Federal Tort Claims Act applies to tort claims arising out of Postal Service activities. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006); *see also James v. Jacksonville Bulk Mail Ctr.*, No. 3:06-cv-1120-J-34JRK, 2009 WL 2901197, at *4 (M.D. Fla. Sept. 4, 2009). A plaintiff must exhaust administrative remedies before suing under the Federal Tort Claims Act. *See Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 485 (11th Cir. 2011); *Robins v. United States Postal Serv.*, No. 08-20351-CIV, 2008 WL 11419064, at **1-3 (S.D. Fla. June 6, 2008).

[5] Sovereign immunity is considered a bar to subject matter jurisdiction. *Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 n.3 (11th Cir. 2010); *see also Dupree v. Owens*, 92 F.4th 999,

## b. Service of Process

Defendant's final argument is that service of process was improper, but I will discuss this argument before turning to its Rule 12(b)(6) argument because proper service of process is a prerequisite of personal jurisdiction. *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021). Defendant argues Plaintiff failed to comply with Rule 4(i). *See* Motion at 12-13. More particularly, Defendant alleges she was served via substitute service by the sheriff at her residence on April 23, 2024, but alleges that service was defective to the extent the United States was not *also* served. *See id.* I am not convinced. This action was initiated in state court and was not removed until after service on Defendant. "Importantly, in actions removed from state court, such as this one, 'the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed.'" *Lorts v. Lorts*, No. 5:21-cv-19-JSM-PRL, 2021 WL 2875636, at *1 (M.D. Fla. June 23, 2021), *report and recommendation adopted*, 2021 WL 2856627 (M.D. Fla. July 8, 2021); *see also Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985).

---

1007 (11th Cir. 2024). Ordinarily, where subject matter jurisdiction is lacking, a complaint is dismissed without prejudice. *Dupree*, 92 F.4th at 1007. Here, however, Defendant removed this action to federal court. And in removal cases, a complaint is usually remanded rather than dismissed if subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c). But in enacting § 1442(a)(1), "[i]t is clear that Congress intended to make it possible for federal courts to resolve issues like sovereign immunity. Cases removed under § 1442(a)(1) ordinarily assert such a defense." *City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1313 (11th Cir. 2003). Thus, if sovereign immunity ultimately strips subject matter jurisdiction, a dismissal without prejudice, rather than remand, would be appropriate. *See id.* at 1309, 1320; *see also Parham v. O'Neal*, No. 8:00-cv-637-T-23A, 2000 WL 33996245, at *1 (M.D. Fla. Aug. 31, 2000); *Jennings v. O'Neal*, No. 8:00-cv-635-T-23E, 2000 WL 1799108, at *1 (M.D. Fla. Aug. 31, 2000).

Defendant cites no authority and makes no argument that the pre-removal service here was invalid under Florida law. *See Racquet Club Apartments at Bonaventure 4 S. Condo. Ass'n v. U.S. Sec'y of Hous. & Urb. Dev.*, No. 12-60459-CIV, 2012 WL 3244656, at *3 (S.D. Fla. Aug. 9, 2012) ("While Florida law may not specifically delineate the required means of service on a federal defendant, it does not follow that the plaintiff must comply with Federal Rule 4(i) or else service is defective. [Defendant] cites no authority for this remarkable proposition, and the Court is aware of none…. Therefore, this Court finds that Plaintiff did not have to comply with Federal Rule 4(i) when effecting service in state court."); *Wasowicz v. United States*, No. 08-60994-CIV, 2008 WL 4097794, at *1 (S.D. Fla. Sept. 2, 2008) (rejecting argument pre-removal service was improper under Rule 4(i) "as Florida rules of procedure applied to this action during its pendency in Florida state court"); *Brantley v. Dist. Dir.*, No. 3:00-cv-300-J-21-TJC, 2001 WL 1807625, at *2-3 (M.D. Fla. Dec. 10, 2001); *see also Lake Chase Condo. Ass'n, Inc. v. Sec'y of Hous. & Urb. Dev.*, No. 8:12-cv-177-T-23TBM, 2013 WL 3772487, at *2 (M.D. Fla. July 16, 2013). Thus, service of process appears to have been proper. Moreover, any deficiency in service of process is waivable, and Defendant filed a pre-removal response letter in state court that did not contest service of process. *See* Doc. 4; *cf. Vax-D Med. Techs., LLC v. Texas Spine Med.*

6

*Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007); *Allstate Mortg. Sols. Transfer, Inc. v. Bank of Am., N.A.*, 338 So. 3d 985, 986, 988-89 (Fla. 3d DCA 2022).[6]

### c. Failure to State a Claim

To the extent Plaintiff may also attempt to assert any individual-capacity claims, Defendant argues under Rule 12(b)(6) and/or Rule 12(c) that he fails to plausibly allege a viable claim. *See* Motion at 8-12.[7] A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[6] I need not presently determine a recommendation on this or any of the other issues presented, and I am ultimately providing for Plaintiff to file an amended pleading, which would moot the Motion and require Defendant to respond again. Defendant may then renew an argument as to the sufficiency of service, if Defendant chooses. If Defendant does so, Defendant should include citations of authority considering the discussion herein.

[7] In connection with this argument, Defendant acknowledges the pre-removal letter filed in state court that has been docketed in this Court as the answer. Motion at 11. Defendant requests that such letter not be construed as an answer or, alternatively, that its Motion be construed as one for judgment on the pleadings under Rule 12(c) rather than to dismiss under Rule 12(b)(6). As discussed above, whether construed as a responsive pleading or not, the letter could potentially have waived any service-of-process challenge. *See Allstate Mortg. Sols. Transfer, Inc.*, 338 So. 3d at 988-89. However, even if the letter constitutes a responsive pleading, failure to state a claim and subject matter jurisdiction were not waived. *See* Fed. R. Civ. P. 12(h)(2)-(3); Fla. R. Civ. P. 1.140(h)(2). Thus, even to the extent Defendant's letter constitutes an answer, such that "a 12(b) motion would be untimely, the defense of failure to state a claim is properly raised at this stage of the proceedings in a motion for judgment on the pleadings." *Lloyd v. Baker*, No. 3:13-cv-903-J-34PDB, 2015 WL 5474482, at *1 (M.D. Fla. Sept. 16, 2015); *see also Byron v. Nat'l R.R. Passenger Corp.*, No. 6:14-cv-1370-Orl-41DAB, 2015 WL 13792224, at *2 (M.D. Fla. Jan. 14, 2015). It is therefore appropriate to exercise discretion and construe, to the extent necessary, the Rule 12(b)(6) challenge as a Rule 12(c) motion for judgment on the pleadings, which is subject to substantially the same standard of review. *See Lloyd*, 2015 WL 5474482, at **1-2; *Byron*, 2015 WL 13792224, at **2-3. Moreover, for the reasons herein, I am ultimately directing Plaintiff to file an amended complaint. In response, a Rule 12(b)(6) challenge may be raised even if otherwise not timely raised as to an original pleading. *See Parks v. Howmedica Osteonics Corp.*, No. 8:15-cv-0075-MSS-MAP, 2016 WL 7220707, at *4 (M.D. Fla. Mar. 11, 2016).

7

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Only well-pled facts, not legal conclusions, are accepted as true. *See Anthony*, 626 F.3d at 1321.

  Defendant argues that (i) "Plaintiff provides no legal basis, statutory or otherwise, for the claim he attempts to make"; (ii) "[t]o the extent Plaintiff intends to challenge the underlying basis for the injunction at issue, he cites no legal basis to do so"; and (iii) Plaintiff alleges "no underlying factual basis whatsoever" to support any conclusions "that unspecified 'actions' of Defendant were 'discriminative, intentional, and [ ] unwarranted[.]'" Motion at 10. Those arguments are well-taken. In whole, Plaintiff's allegations are insufficient to plausibly allege a discernable cause of action.

  Plaintiff's Response fails to identify or clarify the claim Plaintiff seeks to pursue. Rather than articulate a basis for the Complaint, the Response ventures outside Plaintiff's pleading. Plaintiff argues that Defendant (i) "used company personnel systems to obtain the protected personally identifiable information of Plaintiff"; (ii) disbursed such information to third parties; (iii) threatened and condemned Plaintiff,

for a period of two years, along with co-conspirators; (iv) "used protected personally identifiable information to obtain the physical address of" Plaintiff; and (v) "used her managerial position to intimidate and alienate her immediate employee Plaintiff … based on bias." Response at 1-2.

None of these allegations are in Plaintiff's Complaint. Arguments and evidence outside the Complaint are inappropriate, and may not be considered, in determining whether Plaintiff has stated a valid claim for relief. *See Johnson*, 107 F.4th at 1298-99; *see also Oviedo Town Ctr. II, L.L.L.P. v. City of Oviedo, Fla.*, 759 F. App'x 828, 836 (11th Cir. 2018) ("Although the parties have completed discovery and made arguments on other claims based on the evidence that has been presented, we may not consider, during our review of this claim [subjected to a motion to dismiss], anything beyond the four corners of the operative complaint and any attachments thereto."); *Hall v. Smith*, 170 F. App'x 105, 107 (11th Cir. 2006) ("[A]lthough Hall asserts the district court erred in failing to consider all of the evidence, the district court was not permitted to consider evidence outside of the pleadings in determining whether to grant the defendant's motion to dismiss."). Thus, Plaintiff will be given an opportunity to file an amended pleading to clarify the nature and basis of any asserted claims and to include within his pleading all factual allegations on which he relies.

### IV.    Conclusion

For the reasons stated herein, Defendant's Motion appears well-taken, at least as to its arguments concerning lack of subject matter jurisdiction or alternatively failure

9

to state a claim. Nevertheless, because Plaintiff is proceeding *pro se*, he shall have until November 5, 2024, to file an amended complaint and attempt to cure any deficiencies. *See, e.g.*, *Steward v. Int'l Longshoremen's Ass'n, Loc. No. 1408*, No. 3:16-cv-1194-J-39PDB, 2018 WL 8584029, at *1 (M.D. Fla. May 21, 2018) (discussing liberal standard under Rule 15(a) and affording *pro se* plaintiff opportunity to file amended pleading where motion to dismiss appeared well taken).

The amended complaint must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Thus, Plaintiff should state all facts on which he relies to support his claim(s) in sequentially numbered paragraphs. Where necessary for clarity, discrete claims should be separated into different counts.

For any claim, Plaintiff should clearly identify whether he sues Defendant in an individual or an official capacity, and on what basis. Although his pleading need not set forth detailed factual allegations, Plaintiff must provide more than mere labels and conclusions, and his factual allegations must be enough to state a plausible claim for relief. While Plaintiff must provide sufficient factual support to plausibly state a claim, he must avoid a pleading replete with immaterial allegations not obviously connected to a particular cause of action.

Finally, Plaintiff should note that his amended complaint will supersede his original Complaint (and any exhibits) and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, his amended complaint must be complete and must include all related claims he wishes to pursue, as well as all facts in support and relief sought, in a single submission.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 7) is **taken under advisement**.

2. Plaintiff shall have **until November 5, 2024**, to file an amended complaint in compliance with this Order and all applicable rules and law. If Plaintiff fails to do so, the undersigned will likely recommend that this action be dismissed.

**DONE AND ORDERED** in Jacksonville, Florida, on October 15, 2024.

Samuel J. Horovitz
United States Magistrate Judge

cc: Daunte Petersen
4580 Muscadine Court
Jacksonville, FL 32210

Counsel of Record